UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                                          <u>DECISION AND ORDER</u>

                                                                                          03-CR-6142L

                             V.

EDMUND GUADALUPE, a/k/a
Cuchalin, a/k/a Cuch, JOSE ALBARRAN,
et al.,

                              Defendants.
_____

       By decision entered July 22, 2005 (Dkt. #248), United States Magistrate Judge Jonathan W. Feldman issued a decision and order (familiarity with which is assumed) disqualifying John R. Parrinello ("Parrinello") or any member of his firm ("the Parrinello firm") from representing defendant Jose Albarran ("Albarran") in this case. The basis for that decision was, in short, that codefendant Edmund Guadalupe ("Guadalupe") was previously represented in this case by the Parrinello firm over a period of several months, and that Parrinello "had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of" Guadalupe. *United States v. DiTommaso*, 817 F.2d 201, 219 (2d Cir. 1987) (setting forth test for disqualification).

       Parrinello appealed that decision to this Court. The matter was argued before this Court on October 27, 2005.

       On November 16, 2005, the Court issued a decision and order (Dkt. #269) directing Guadalupe to submit to the Court an affidavit setting forth certain information concerning the extent, dates, and general nature of any conversations or other communication that he has had

with any member of the Parrinello firm relating to this case. Guadalupe filed such an affidavit on November 28, 2005 (Dkt. #274).

After reviewing Guadalupe's affidavit, I find that disqualification of Parrinello, as well as any other members of the Parrinello firm, is warranted. Guadalupe, whose initial appearance in this case occurred on September 27, 2003, states that he first met with Matthew Parrinello, who is John Parrinello's son and also a member of the Parrinello firm, in early October 2003. Matthew Parrinello appeared as Guadalupe's retained counsel on October 6, 2003. Guadalupe continued to be represented by the Parrinello firm for the next eight months, until June 2004, when another attorney was appointed to represent him.

Guadalupe states that during that eight-month period, he "met several times" with members of the Parrinello firm, particularly Matthew Parrinello. Dkt. #274 ¶ 5. During these meetings, which occurred both at the Monroe County Jail and at federal court, Guadalupe states that he "conveyed to [Matthew] Parrinello substantial information of a confidential nature relating to the indictment, [Guadalupe's] own background and the co-defendants." *Id.* He adds that these "conversations related to legal issues, including the charges, as well as [Guadalupe's] personal history." *Id.*

Guadalupe states that he also met with Bruce Freeman, another attorney with the Parrinello firm, and that they "also discussed information of a confidential nature." *Id.* ¶ 6. He states that an omnibus motion that the Parrinello firm filed on his behalf in December 2003 was based in part "on conversations [Guadalupe] had with attorneys in that law firm," *id.* ¶ 7, and that, again based on conversations between them, Matthew Parrinello prepared an affidavit that Guadalupe signed on January 30, 2004 in support of suppression motion. *Id.* ¶ 8.

In my view, that is sufficient to justify disqualification. Although Guadalupe has not stated precisely what sort of information he shared with his attorneys at the Parrinello firm, he is not required to. As noted in my prior decision, "a court may not inquire into the nature of the confidences alleged to have been revealed to the tainted attorney. To require proof of access to privileged information would 'put the former client to the Hobson's choice of either having to disclose his privileged information in order to disqualify his former attorney or having to refrain from the disqualification motion altogether.'" *Cheng v. GAF Corp.*, 631 F.2d 1052, 1056 (2d Cir. 1980) (quoting *Government of India v. Cook Indus., Inc.*, 569 F.2d 737, 740 (2d Cir. 1978)), *vacated on other grounds*, 450 U.S. 903 (1981). It is for that reason that I specifically limited the scope of Guadalupe's affidavit to the "general subject matter" of Guadalupe's communications with his former attorneys. Given the limits on the Court's ability to inquire into the details of those communications, I find that Guadalupe's recitation of his contacts with member of the Parrinello firm sufficiently establishes that he conveyed to them privileged information relating to this case.

As was also explained in my prior decision, "there is a presumption that John Parrinello had access to that information." Slip op., Dkt. #269, at 4 (citing cases). Therefore, and because "any doubt is to be resolved in favor of disqualification," *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975), I conclude that disqualification is appropriate.

## CONCLUSION

The Decision and Order of Magistrate Judge Jonathan W. Feldman entered July 22, 2005 (Dkt. #248), disqualifying John R. Parrinello or any member of the Parrinello law firm from representing defendant Jose Albarran ("Albarran") in this case, is hereby affirmed.

- 4 -

Defendant, Jose Albarran, must take steps to obtain new counsel. I scheduled the matter for December 28, 2005 at 9:00 a.m. before United States Magistrate Judge Jonathan W. Feldman for appearance of new counsel. Defendant must appear on that date.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 15, 2005.